Patrick T. McBride and Abbie McBride, Appellees, v. Edgar F. Seney and Rowland T. Rogers, trading as Seney, Rogers & Company, Appellants.

Gen. No. 19,739.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915.

### Statement of the Case.

Action by Patrick T. McBride and Abbie McBride against Edgar F. Seney and Rowland T. Rogers, trading as Seney, Rogers & Company, to recover for the alleged breach of building contracts. From a judgment for $2,560 against defendants in favor of plaintiffs, defendants appeal.

ADAMS, CREWS, BOBB & WESCOTT, for appellants.

KRUSE, PEDEN & MERRICK and MORGAN, MCFARLAND & GOODMAN, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 94*—*what constitutes variance.* In an action for breach of building contracts, where at the time the contracts were offered in evidence it was contended that plaintiffs had declared on a contract signed and executed by the plaintiffs, *held* that an objection, predicated upon the theory that the contracts offered in evidence were not the ones described in the statement of claim, was without merit on the question of variance, since the statement did not allege that the contracts were signed by the plaintiffs.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 101*—*effect of lack*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McBride et al. v. Seney et al., 192 Ill. App. 18.

*of party's signature upon contract as to admissibility in evidence.*
In an action for damages for breach of building contracts by husband and wife, the fact that the wife did not sign the contracts offered in evidence, becomes immaterial where she accepted and adopted the written contracts and assented to their terms and conditions so as to be bound by them, and defendants treated and dealt with her throughout the entire transaction as a party to the contracts.

3. ACTION, § 22*—*persons entitled to sue.* In an action by husband and wife for breach of building contracts, where defendants treated and consulted the wife as a real party to the transaction, with some legal or equitable right in the property in question, *held* that the defendants were not in a position to assert that she had no interest in the suit such as to preclude her joining with her husband in the action.

4. WITNESSES, § 36*—*where competency is unaffected by marriage.* Where a wife is a proper party to a suit, she is not incompetent as a witness because she is the wife of a coplaintiff with whom she has joined in a suit.

5. APPEAL AND ERROR, § 472*—*necessity of objection to remark of court.* An Appellate Court will not review a statement of the court to which no objection was made at the trial.

6. APPEAL AND ERROR, § 1035*—*necessity of assignments of error.* A statement of the court at the trial will not be reviewed on appeal unless it is assigned as error.

7. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*instructions as to the measure of damages.* In an action for breach of building contracts, an instruction that "the measure of the damage is the difference between the value of the building as constructed and the value of the building as it would have been constructed, if it had been constructed according to the plans and specifications except in so far as any of the provisions of the plans and specifications may have been waived by the plaintiffs herein, if any such waiver has been shown by the evidence," *held* correct.

8. BUILDING AND CONSTRUCTION CONTRACTS, § 108*—*amount of recovery for breach.* In an action for breach of building contracts where a contractor and builder of twenty years' experience testified in behalf of plaintiffs that the difference between the value of the building as constructed and the value of the building if it had been constructed according to the contract was $2,560, and an architect of twenty-four years' experience in behalf of plaintiffs placed the difference at $2,935, and defendants did not introduce any evidence bearing on the question of damages, the finding of the trial court of damages in the sum of $2,560 is *held* to be justified.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.